By the Court—Hoffman, J.
The plaintiff alleges that he was, from the 1st September, 1851, to the 1st of January, 1853, a policeman of the city of New York, duly appointed in and for the Sixth Ward in said city, and entitled to the exercise of such office of policeman. During the whole of such period he was *52 detailed by the Mayor to attend as such policeman, and perform the duties of such policeman, at the Court of Sessions in his said ward, and at divers other places in the said city; and that he did so attend and perform the duties of such detailed policeman.
Under powers conferred by the act of the Legislature of April 10, 1850, the Common Council, by an ordinance of the 18th of August, 1851, declared, in the third section, that the compensation of sergeants of police, and policemen performing post or patrol duty in their respective wards, shall be, for each and every day’s service, at the rate of $600 per annum.
And by the 4th section, that the salary of policemen detailed by the Mayor or Chief of Police, for the performance of any special duty, is fixed at the sum of $500 per annum.
Under this ordinance the plaintiff received his appointment.
On the 14th of November, 1851, the Common Council amended the third section so that, as thus amended, it read as follows: “ The compensation of sergeants of police and policemen performing duty in their respective wards, shall be six hundred dollars per annum.” The fourth section was left unchanged.
On the 15th September, 1853, an ordinance was passed, that the pay of the detailed policemen be fixed at the same rate as all other policemen, viz.: $600 per annum, to take effect from the 1st of January, 1853.
When this ordinance went into effect, the period of service of the plaintiff had ceased.
The plaintiff, on his examination as a witness, states that he did duty as a detailed policeman, and also did patrol duty part of every Sunday in his ward, and was sometimes called out when there was a fire; that he was not a member of any patrol or post squad.
The plaintiff claims the difference between $500 and $600, for the whole period of his service, being, with interest, $188.16.
Mr. Justice Bosworth granted a motion to dismiss the complaint. An exception was taken; the exceptions to be heard in the first instance at General Term, and judgment suspended.
It is, rare that so plain a case is presented to the Court. The Common Council discriminate between classes of policemen, and ■appoint different salaries for each class. This discrimination lasts while the plaintiff serves; and he was appointed m the class *53 which received $500 salary. If he did other duty he volunteered it, without a shadow of contract, express or legally to be implied, that he should be paid; without a pretense even that the Common Council knew of the services, much less directly, or through any authorized agent, engaged him to render them.
The order dismissing the complaint should be affirmed, and judgment ordered for the defendants, dismissing such complaint, with costs.[1]
Judgment accordingly.

 The third, section of the ordinance of the 18th of August, 1851, fixed the compensation of policemen “performing post or patrol duty,” and the fourth section that of “detailed” policemen. The compensation prescribed for “detailed” policemen was $500 per annum; that prescribed for policemen “performing post or patrol duty” was not $600 per annum at all events, but was at that rate “ for each and every day’s service.”
The ordinance of the 14th of November, 1851, by its terms, professed to operate upon the third section, and on that only. It amended that section so that by it, as thus amended, the compensation prescribed for policemen performing duty in their respective wards should be $600 per annum, generally and absolutely, and not at that rate “ for each and every day’s service.” The ordinance of the 14th of November, 1851, does not, in terms or by any just construction, affect the fourth section of the ordinance of the 18th of August, 3851.
The very terms of the amending ordinance show that the whole object and purpose of amending was to eliminate from the third section the words “for each and every day’s service at the rate of”
That such was the whole purpose of the amendment, and that it was so understood by the policemen and the defendants is shown, not only by the fact that the detailed policemen were subsequentlypaid and received $500 per annum, as being the whole compensation to which they were entitled, but also by the ordinance of the 15th of September, 1853, by which “the pay of *54 the detailed policemen” was “ fixed at the same rate as all other policemen, viz.: §600 per annum, to take effect from the first day of January, 1853.”
The idea that a policeman, though a “ detailed policeman” was entitled to §600 per annum, provided he performed such duty in his own ward; and was entitled to but $500 per annum if he performed such duty in another ward, can find no support from the ordinance of August 18, 1851, as amended by that of the 14th of Hovember, 1851.
There is nothing in the evidence given at the trial to justify the presumption or inference that any of the services which the plaintiff performed while a policeman, and as a policeman were services which it was not his duty as a “ detailed policeman” to perform. They seem to have been performed as services which, according to the regulations of the police department, a “ detailed policeman” was expected and required to render, as a matter of course. The evidence given is in perfect harmony with this view of his duties. In this view, the plaintiff has been paid the full compensation to which he was entitled. The ordinance of the 15th of September, 1853, cannot aid his claim to extra compensation, as he ceased to be a policeman before the time arrived from which that ordinance was to take effect.—Sep.